ANDREW HARRIS *v.* E. H. FIELD'S EX'TX.

**Vendor and Purchaser—Inability to Convey in Accordance With Title Bond—Rescission Irresistible.**

The inability of Harris to convey in accordance with the stipulations of his title bond and the refusal of the chancellor in the exercise of his discretion in the premises, to sell the land of his infant children, rendered the rescission of the contract of sale irresistible.

**Executors and Administrators—Will Invests Title and Power to Sell in Executor—Widow and Heirs Not Necessary Parties to Suit to Rescind Contract of Sale.**

The will of Cockerill vested the title to all his real estate in his executors. Having this power in the exercise of their discretion to sell and convey, they also had the power out of court to rescind the contract with Harris; therefore the widow and heirs were not necessary parties.

**Judicial Sales—Failure to Fix Time of Sale in Judgment.**

The failure of the court in its judgment to fix the time and place of the sale of the land is not an available ground for a reversal; section 405 of the code which applies to the sales of real estate made in pursuance to judgments of courts of equity imposes no limitation of the power of the court.

APPEAL FROM ESTILL CIRCUIT COURT.

October 10, 1871.

OPINION BY JUDGE LINDSAY:

The inability of Harris to convey in accordance with the stipulations of his bond for title and the refusal of the chancellor in the exercise of his discretion in the premises to sell the lands of his infant children, rendered a rescission of the contract of sale irresistible.

It satisfactorily appears that Cockerill paid $2,500 of the purchase money on the land before his death, and that his executor afterwards paid the further sum of $2,000.

The judgment in favor of the appellee for these amounts less reasonable rents was proper, and it was also proper to subject Harris' interest in the lands to the payment of such judgment.

We are of opinion that the widow and children of Simon Cockerill were not necessary parties to the proceedings.

The will of Cockerill vested the title to all his estate in his executors. They were authorized to sell all or any part of his lands and empowered to convey the same.

Having the power in the exercise of their discretion to sell and convey, they also had the power even out of court to rescind the contract with Harris.

The failure of the court in its judgment to fix the time and place of the sale of the land is not, in our opinion, an available ground for a reversal, if indeed it be an error at all.

Section 253, Civil Code, provides that real estate taken under attachment, when sold by order of court, shall be publicly sold, upon such notice and such time as the court may direct, but section 405, which applies to the sales of real estate made in pursuance to judgments of courts of equity imposes no such limitation upon the powers of such courts.

The amount allowed appellant in the way of rents is as much as the evidence authorized. The fact that the commissioner allowed Cockerill's executor $45.00 for improvements did not necessarily require the chancellor to refuse to confirm his report.

While the judgment did not in terms require him to inquire into the value of improvements made by the Cockerills, yet in as much as they were being charged with rents, they were entitled to be paid for ameliorations. The commissioner reported the evidence and the allowance was, in fact, made by the chancellor and not by him.

The failure of the commissioner to advertise as generally as the judgment sees to require, does not of itself render the sale invalid. The only injury appellant could have sustained from such failure was the sale of his land at a sacrifice. Whilst there is more proof tending to show that the sale was for less than

the value of the land, yet no one was found who was willing to give more for it.

The chancellor would doubtless have opened the biddings·if any person had offered a reasonable advance upon the amount bid by the executor. No such offer having been made it was his duty to confirm the sale. We perceive no available error in the proceedings of the court below.

Judgment affirmed.

*James, for appellant.*

*Burnam, for appellees.*